1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CONSTANCE D. ADAMS,                         No.  2:13-cv-0440 TLN KJN PS

12              Plaintiff,

13         v.                                      ORDER

14    MIKE DESIMONI, SR.,

15              Defendant.

16

17         On March 5, 2013, plaintiff Constance Adams, proceeding without counsel, filed this

18    action alleging a claim of employment discrimination primarily based on race under Title VII of

19    the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. against defendant Mike DeSimoni, Sr.

20    (ECF No. 1.)  On March 11, 2013, the court granted plaintiff's request to proceed in forma

21    pauperis and ordered service of the complaint on defendant DeSimoni.  (ECF No. 3.)  Plaintiff

22    was directed to supply the U.S. Marshal with all the documents necessary to effectuate service of

23    process on defendant DeSimoni within 28 days of the court's order and, within 10 days thereafter,

24    to file a statement with the court indicating that such documents had been submitted to the U.S.

25    Marshal.  (Id.)

26         The court's March 11, 2013 order setting status conference also cautioned plaintiff that

27    the action may be dismissed if service of process is not accomplished within 120 days.  (ECF No.

28    4 at 1); see Fed. R. Civ. P. 4(m).  That same order set a status conference for August 15, 2013, at

1

1   10:00 a.m., in Courtroom No. 25 before the undersigned; required the parties to file status reports

2   (preferably a joint status report) not later than seven (7) days prior to the status conference; and

3   directed the parties to appear by counsel or in person (if acting without counsel) at the status

4   conference.  (ECF No. 4 at 2.)  Furthermore, the order cautioned that "[f]ailing to obey federal or

5   local rules, or [an] order of this court, may result in dismissal of this action.  This court will

6   construe pro se pleadings liberally, but pro se litigants must comply with the procedural rules."

7   (Id. at 3.)  Finally, the order notified the parties that "Local Rule 110 provides that failure to

8   comply with the Local Rules may be grounds for imposition of any and all sanctions authorized

9   by statute or Rule or within the inherent power of the Court."  (Id.)

10          Despite the court's above-mentioned orders, plaintiff failed to file a statement indicating

11   that she had submitted the required documents to the U.S. Marshal to effectuate service of

12   process; no status reports were filed; and there had been no docket activity by any party since the

13   case was initially filed in March 2013.

14          At the August 15, 2013 status conference, plaintiff appeared and indicated that she

15   believed that defendant DeSimoni had been properly served with process by a private process

16   server plaintiff had retained.  The court ordered that plaintiff's proof of service, which had not

17   previously been submitted to the court, be filed and made a part of the court record.  (ECF No. 7.)

18          For the reasons discussed at the status conference and in light of the court's concerns as to

19   whether service of process has been properly effectuated and whether plaintiff has even named

20   the proper defendant in this action, the court orders plaintiff to file a statement no later than

21   August 29, 2013, addressing the following topics:

22          (a) How service of process on defendant DeSimoni was attempted, i.e., by what methods,

23              at which address(es), how the address was chosen, etc. (Plaintiff should seek

24              clarification from the private process server as necessary).

25          (b) What efforts plaintiff made, subsequent to the status conference, to follow up with

26              defendant DeSimoni or his company regarding their response to plaintiff's lawsuit.

27          (c) The status and title of defendant DeSimoni, which company plaintiff worked for, the

28              relationship between plaintiff and defendant DeSimoni, and why plaintiff elected to

2

1    name Mr. DeSimoni as a defendant in this action (as opposed to a particular supervisor

2         or president of the company for which plaintiff was employed).

3         (d) Whether there are any other persons plaintiff believes should be named as a defendant

4              based on the incidents giving rise to plaintiff's claims.

5         (e) The status of plaintiff's efforts to obtain counsel.

6         Upon receipt and review of plaintiff's statement, the court will issue a further order

7    regarding the future progress and scheduling of the case.

8         Finally, plaintiff is hereby cautioned that future failure to comply with court orders, the

9    Federal Rules of Civil Procedure, and this court's Local Rules[1] may result in the imposition of

10   sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of

11   Civil Procedure 41(b).

12        "Pro se litigants must follow the same rules of procedure that govern other litigants."

13   King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (overruled on other grounds).  A district court

14   may impose sanctions, *including involuntary dismissal of a plaintiff's case* pursuant to Federal

15   Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case, or fails to

16   comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.

17   See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua*

18   *sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S.

19   Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action

20   pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute

21   or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52,

22   53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground

23   for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal

24   Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with

25   any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir.

26   1986) (per curiam) (stating that district courts have inherent power to control their dockets and

27   _____

28   [1] A copy of the court's Local Rules can be obtained from the Clerk's Office or on the court's
     website at http://www.caed.uscourts.gov/caednew/index.cfm/rules/local-rules/.

1    may impose sanctions including dismissal or default); see also E.D. Cal. L.R. 110, 183(a).

2           Accordingly, IT IS HEREBY ORDERED that:

3           1.   No later than August 29, 2013, plaintiff shall file a statement addressing the specific

4    topics outlined in the order above.

5           2.  Upon receipt and review of plaintiff's statement, the court will issue a

6    further order regarding the future progress and scheduling of the case.

7           3.  *Plaintiff is cautioned that future failure to comply with court orders, the Federal Rules*

8    *of Civil Procedure, and this court's Local Rules may result in the imposition of sanctions,*

9    *including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil*

10   *Procedure 41(b).*

11          IT IS SO ORDERED.

12           Dated:  August 16, 2013

13
                                          _____
14                                         KENDALL J. NEWMAN
                                          UNITED STATES MAGISTRATE JUDGE
15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          4