1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                       FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   CONSTANCE D. ADAMS,                         No. 2:13-cv-0440 TLN KJN PS
12                  Plaintiff,
13          v.                                   ORDER
14   MIKE DESIMONI, SR.,
15                  Defendant.
16
17          On March 5, 2013, plaintiff Constance Adams, proceeding without counsel, filed this

18   action alleging a claim of employment discrimination primarily based on race under Title VII of

19   the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. against defendant Mike DeSimoni, Sr.

20   (ECF No. 1.)[1]

21          The court conducted a status conference in this matter on August 15, 2013. (ECF No. 7.)

22   On August 16, 2013, for the reasons discussed at the status conference, and in light of the court's

23   concerns as to whether service of process has been properly effectuated and whether plaintiff has

24   even named the proper defendant in this action, the court ordered plaintiff to file a statement no

25   later than August 29, 2013, addressing various topics. The topics included the method(s) by

26   which service of process were purportedly accomplished, the involvement of defendant Mike

27   ―――――――――――――――――
     [1] This action proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28
28   U.S.C. § 636(b)(1).

                                                     1

DeSimoni with respect to plaintiff's claims, and plaintiff's efforts to obtain counsel.  (See ECF No. 8.)  The court noted that, upon receipt and review of plaintiff's statement, the court would issue a further order regarding the future progress and scheduling of the case.  (Id.)

Thereafter, on August 26, 2013, plaintiff filed a motion for an extension of time, essentially requesting a three-months to one-year stay of the case to allow her to obtain counsel.  (ECF No. 10.)  Plaintiff represented that even though she had made efforts to obtain counsel, those efforts had not proven successful at that point.  (Id.)  On August 29, 2013, the court partially granted plaintiff's motion, noting that:

> Although the court is sympathetic to the difficulties faced by a pro se litigant in representing herself in federal court, and encourages plaintiff to continue her efforts to obtain counsel, the court declines to grant plaintiff a three-month to one-year extension of time. Numerous litigants are compelled by financial or other circumstances to represent themselves in federal court, and pro se status is not in itself a proper basis for staying a case. Moreover, as the court noted at the status conference, the court has concerns as to whether service of process on the named defendant, Mike DeSimoni, Sr., has been properly effectuated and whether plaintiff has even named the proper defendant in this action.  In light of those concerns, the court ordered plaintiff to file the above-mentioned statement addressing topics related to how service of process was accomplished, Mr. DeSimoni's involvement with respect to plaintiff's claims, etc.  These topics primarily concern facts that should be in plaintiff's possession and do not require complex legal arguments.
>
> If plaintiff retains counsel and counsel enters an appearance in this case, the court would certainly be willing to entertain a request for extension of time filed by counsel to enable him or her to properly evaluate the case.  However, at this time, there does not appear to be any immediate prospect of plaintiff retaining counsel, and there are no proper grounds to stay the case or grant a significant extension of time.
>
> Therefore, plaintiff will be required to file the statement in response to the court's prior August 16, 2013 order no later than **September 12, 2013**.  If plaintiff feels that she is unable to prosecute the case without counsel at this time, she may alternatively file a notice of voluntary dismissal of the action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

(ECF No. 11.)

////

////

2

Subsequently, on September 13, 2013, plaintiff filed a statement addressing, at least in part, some of the topics outlined in the court's August 16, 2013 order. (ECF No. 12.)[2] In that statement, plaintiff also represented that "the most recent attorney I have spoken to within the last 48 hours stated to me personally by our brief phone conversation that he would be willing to accept my personal case but he needs more time only if the court with [sic] grant it. (I have his name and law firm phone # on hand) but once again his law firm is not willing to deal with me unless an extension is fully granted." (Id.)

In light of plaintiff's present representation that she has an immediate prospect of retaining counsel, the court grants plaintiff a final extension of fourteen (14) days for her retained attorney to enter an appearance in this action. Along with filing a notice of appearance on plaintiff's behalf, the attorney may request a further extension of time to allow the attorney to familiarize himself or herself with the case, determine whether and how the complaint should be amended, etc. The court will be inclined to grant such a request, assuming that a reasonable period of time is requested.

Alternatively, plaintiff shall file a statement within fourteen (14) days advising the court that she was unable to retain counsel. Upon the filing of such a notice, the court will issue a further order regarding the progress and scheduling of the case. Plaintiff is advised that the court is strongly disinclined to grant any further extensions of time, except as noted above.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall have a final extension of fourteen (14) days from the date of service of this order for her retained attorney to enter an appearance in this action. Along with filing a notice of appearance on plaintiff's behalf, the attorney may request a further,

---

[2] Although plaintiff filed her statement one day after the September 12, 2013 deadline, the court exercises its discretion to consider that statement. Plaintiff attached a note from a court security officer noting that plaintiff attempted to file her statement on September 12, 2013 at around 4:07 p.m., but that the Clerk's Office was closed at that time. (ECF No. 12.) Therefore, it appears that plaintiff at least made some effort to comply with the court's deadline. However, plaintiff is admonished to familiarize herself with the office hours of the Clerk of Court, and cautioned that future failure to strictly comply with court deadlines and procedures may result in the imposition of appropriate sanctions.

1 | appropriate extension of time in accordance with this order.

2. Alternatively, plaintiff shall file a statement within fourteen (14) days of this order advising the court that she was unable to retain counsel. Upon the filing of such a statement, the court will issue a further order regarding the progress and scheduling of the case.

3. Failure to timely file a notice of appearance by counsel, or a statement that no counsel was retained, by the required deadline may result in imposition of sanctions, including a recommendation that the action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: September 18, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE