UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTANCE D. ADAMS, | No.  2:13-cv-0440 TLN KJN PS |
| Plaintiff, | |
| v. | ORDER |
| MIKE DESIMONI, SR., | |
| Defendant. | |

    On March 5, 2013, plaintiff Constance Adams, proceeding without counsel, filed this action alleging a claim of employment discrimination primarily based on race under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. against defendant Mike DeSimoni, Sr. (ECF No. 1.)[1]

    The court conducted a status conference in this matter on August 15, 2013.  (ECF No. 7.) On August 16, 2013, for the reasons discussed at the status conference, and in light of the court's concerns as to whether service of process has been properly effectuated and whether plaintiff has even named the proper defendant in this action, the court ordered plaintiff to file a statement no later than August 29, 2013, addressing various topics.  The topics included the method(s) by which service of process were purportedly accomplished, the involvement of defendant Mike

---

[1] This action proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1  DeSimoni with respect to plaintiff's claims, and plaintiff's efforts to obtain counsel.  (See ECF

2  No. 8.)  The court noted that, upon receipt and review of plaintiff's statement, the court would

3  issue a further order regarding the future progress and scheduling of the case.  (Id.)

4  Thereafter, on August 26, 2013, plaintiff filed a motion for an extension of time,

5  essentially requesting a three-months to one-year stay of the case to allow her to obtain counsel.

6  (ECF No. 10.)  Plaintiff represented that even though she had made efforts to obtain counsel,

7  those efforts had not proven successful at that point.  (Id.)  On August 29, 2013, the court

8  partially granted plaintiff's motion, noting that:

> Although the court is sympathetic to the difficulties faced by a pro se litigant in representing herself in federal court, and encourages plaintiff to continue her efforts to obtain counsel, the court declines to grant plaintiff a three-month to one-year extension of time. Numerous litigants are compelled by financial or other circumstances to represent themselves in federal court, and pro se status is not in itself a proper basis for staying a case. Moreover, as the court noted at the status conference, the court has concerns as to whether service of process on the named defendant, Mike DeSimoni, Sr., has been properly effectuated and whether plaintiff has even named the proper defendant in this action. In light of those concerns, the court ordered plaintiff to file the above-mentioned statement addressing topics related to how service of process was accomplished, Mr. DeSimoni's involvement with respect to plaintiff's claims, etc. These topics primarily concern facts that should be in plaintiff's possession and do not require complex legal arguments.
>
> If plaintiff retains counsel and counsel enters an appearance in this case, the court would certainly be willing to entertain a request for extension of time filed by counsel to enable him or her to properly evaluate the case. However, at this time, there does not appear to be any immediate prospect of plaintiff retaining counsel, and there are no proper grounds to stay the case or grant a significant extension of time.
>
> Therefore, plaintiff will be required to file the statement in response to the court's prior August 16, 2013 order no later than ***September 12, 2013***. If plaintiff feels that she is unable to prosecute the case without counsel at this time, she may alternatively file a notice of voluntary dismissal of the action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

26  (ECF No. 11.)

27  Subsequently, on September 13, 2013, plaintiff filed a statement addressing, at least in

28  part, some of the topics outlined in the court's August 16, 2013 order.  (ECF No. 12.)  In that

2

statement, plaintiff also represented that "the most recent attorney I have spoken to within the last 48 hours stated to me personally by our brief phone conversation that he would be willing to accept my personal case but he needs more time only if the court with [sic] grant it.  (I have his name and law firm phone # on hand) but once again his law firm is not willing to deal with me unless an extension is fully granted."  (Id.)

On September 18, 2013, in light of plaintiff's representation that she had an immediate prospect of retaining counsel, the court granted plaintiff a final extension of fourteen (14) days for her retained attorney to enter an appearance in this action.  (ECF No. 13.)  The order also allowed plaintiff's prospective attorney to request a further reasonable extension of time to allow the attorney to familiarize himself or herself with the case, determine whether and how the complaint should be amended, etc.  (Id.)  Even though the deadline for an appearance by counsel has now passed, no attorney has thus far entered an appearance on plaintiff's behalf.  Accordingly, the court addresses the future progress of this case on the assumption that plaintiff is proceeding without counsel, at least for now.[2]

After reviewing plaintiff's September 13, 2013 response, the court concludes that plaintiff has not named the proper defendant in this action.  In her response, plaintiff concedes that she had no personal dealings or involvement with Mr. DeSimoni, who is alleged to be the chairman or CEO of the Channel Lumber Company, the entity from which plaintiff apparently received her paychecks.  Plaintiff indicates that she named Mr. DeSimoni as a defendant because she wanted to ensure that he knew about the alleged injustices she suffered at her employer.  Plaintiff further suggests that she should probably have named the Channel Lumber Company as a defendant.  At a minimum, on the record before the court, plaintiff does not appear to have any basis for asserting claims against Mr. DeSimoni individually.

////

---

[2] Of course, if plaintiff is ultimately successful in obtaining counsel, such counsel shall enter an appearance on plaintiff's behalf at the earliest opportunity.  Until such time, however, plaintiff is obligated to comply with all court orders, the Federal Rules of Civil Procedure, and the Local Rules in representing herself.

1    Accordingly, the court dismisses plaintiff's original complaint, but with leave to amend.
2  Within 28 days of this order, plaintiff shall file a first amended complaint, which shall be
3  captioned "First Amended Complaint."  The first amended complaint shall contain "(1) a short
4  and plain statement of the grounds for the court's jurisdiction…(2) a short and plain statement of
5  the claim showing that [plaintiff] is entitled to relief; and (3) a demand for the relief sought…."
6  Fed. R. Civ. P. 8(a).  The first amended complaint shall clarify exactly who the named
7  defendant(s) are and what specific claims are asserted against each defendant.[3]  If plaintiff intends
8  to state multiple claims against several defendants, plaintiff shall also endeavor to state such
9  claims in separately labeled causes of action (i.e., in separate sections of the complaint), with
10  factual allegations pertaining to each claim set forth in the section of the complaint dealing with
11  the particular claim.[4]

12    Importantly, the first amended complaint shall not include lengthy and unnecessary
13  exhibits, such as e-mails, charts, notes, evidence, etc.  This requirement is because the complaint
14  must only set forth *alleged facts* in support of plaintiff's claims and need not include any
15  documentary evidence, which may be presented at a later point in the case.  Importantly,
16  defendant(s) and the court should be able to understand plaintiff's claims and the facts in support
17  of those claims from reading the main body of plaintiff's first amended complaint, and without
18  having to review numerous exhibits to the first amended complaint.  <u>However, plaintiff shall
19  attach any administrative charges of discrimination and right-to-sue letters issued by the
20  applicable agencies that relate to plaintiff's claims.</u>

21    Plaintiff is informed that the court cannot refer to a prior complaint or filing in order to
22  make plaintiff's first amended complaint complete.  Local Rule 220 requires that an amended
23  complaint  be complete in itself without reference to any prior pleading.  As a general rule, an
24  amended complaint supersedes the original complaint, and once the amended complaint is filed,

---

[3] The court cannot provide plaintiff with legal advice as to which specific entity(ies) and/or person(s) should be named as defendants.

[4] For example, a cause of action in the complaint could be labeled and organized as: "Cause of Action No. 1 – Violation of Law X alleged against defendants A and B," followed by the factual allegations related to that claim.

the original complaint no longer serves any function in the case.

Once plaintiff has filed a first amended complaint, the court will screen the complaint pursuant to 28 U.S.C. § 1915.  If the court determines that the first amended complaint may properly be served on the named defendant(s), the court will issue an order to that effect.  <u>Plaintiff shall not attempt to effectuate service of process with the first amended complaint prior to an order directing service by the court.</u>  Additionally, because plaintiff is proceeding in forma pauperis, plaintiff need not hire a private process server and would be entitled to have the United States Marshal effectuate service of process, once such service has been authorized by the court.[5]

In the alternative, if plaintiff feels that she is unable to prosecute this case without counsel at this time, plaintiff may file a notice of voluntary dismissal of the action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days of this order.

Plaintiff is hereby cautioned that failure to file either a first amended complaint in accordance with this order, or a notice of voluntary dismissal, by the required deadline will result in a recommendation that the action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).  Although the court is sympathetic to the difficulties faced by pro se litigants in litigating their cases in federal court, plaintiff has already had several extensions in this case.  Thus, the court would be disinclined to grant further extensions absent extraordinary circumstances (which would not include plaintiff's efforts to obtain counsel).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's original complaint (ECF No. 1) is dismissed, but with leave to amend.
2. Within 28 days of this order, plaintiff shall file a first amended complaint in accordance with this order.
3. Once plaintiff has filed a first amended complaint, the court will screen the complaint pursuant to 28 U.S.C. § 1915.  If the court determines that the first amended complaint may appropriately be served on the named defendant(s), the court will issue an order

---

[5] Although it appears, at least at an initial glance, that service of process may not have been properly effectuated on defendant DeSimoni, that issue is moot given that plaintiff's original complaint is dismissed and that plaintiff is required to file a first amended complaint.

1 to that effect. Plaintiff shall not attempt to effectuate service of process with the first
2 amended complaint prior to an order directing such service by the court.

3  4. Alternatively, plaintiff may file a notice of voluntary dismissal of the action without
4 prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days of
5 this order.

6  5. Failure to file either a first amended complaint or a notice of voluntary dismissal
7 within 28 days of this order will result in a recommendation that the action be
8 dismissed pursuant to Federal Rule of Civil Procedure 41(b).

9 IT IS SO ORDERED.

10 Dated: October 18, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE