UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTANCE D. ADAMS, | No. 2:13-cv-0440 TLN KJN PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| MIKE DESIMONI, SR., | |
| Defendant. | |

On March 5, 2013, plaintiff Constance Adams, proceeding without counsel and in forma pauperis, filed this action alleging a claim of employment discrimination primarily based on race under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. against defendant Mike DeSimoni, Sr. (ECF No. 1.)[1]

The court conducted a status conference in this matter on August 15, 2013. (ECF No. 7.) On August 16, 2013, for the reasons discussed at the status conference, and in light of the court's concerns as to whether service of process has been properly effectuated and whether plaintiff has even named the proper defendant in this action, the court ordered plaintiff to file a statement no later than August 29, 2013, addressing various topics. The topics included the method(s) by which service of process was purportedly accomplished, the involvement of defendant Mike

---

[1] This action proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

DeSimoni with respect to plaintiff's claims, and plaintiff's efforts to obtain counsel. (See ECF No. 8.) The court noted that, upon receipt and review of plaintiff's statement, the court would issue a further order regarding the future progress and scheduling of the case. (Id.)

Thereafter, on August 26, 2013, plaintiff filed a motion for an extension of time, essentially requesting a three-months to one-year stay of the case to allow her to obtain counsel. (ECF No. 10.) Plaintiff represented that even though she had made efforts to obtain counsel, those efforts had not proven successful at that point. (Id.) On August 29, 2013, the court partially granted plaintiff's motion, noting that:

> Although the court is sympathetic to the difficulties faced by a pro se litigant in representing herself in federal court, and encourages plaintiff to continue her efforts to obtain counsel, the court declines to grant plaintiff a three-month to one-year extension of time. Numerous litigants are compelled by financial or other circumstances to represent themselves in federal court, and pro se status is not in itself a proper basis for staying a case. Moreover, as the court noted at the status conference, the court has concerns as to whether service of process on the named defendant, Mike DeSimoni, Sr., has been properly effectuated and whether plaintiff has even named the proper defendant in this action. In light of those concerns, the court ordered plaintiff to file the above-mentioned statement addressing topics related to how service of process was accomplished, Mr. DeSimoni's involvement with respect to plaintiff's claims, etc. These topics primarily concern facts that should be in plaintiff's possession and do not require complex legal arguments.
>
> If plaintiff retains counsel and counsel enters an appearance in this case, the court would certainly be willing to entertain a request for extension of time filed by counsel to enable him or her to properly evaluate the case. However, at this time, there does not appear to be any immediate prospect of plaintiff retaining counsel, and there are no proper grounds to stay the case or grant a significant extension of time.
>
> Therefore, plaintiff will be required to file the statement in response to the court's prior August 16, 2013 order no later than ***September 12, 2013***. If plaintiff feels that she is unable to prosecute the case without counsel at this time, she may alternatively file a notice of voluntary dismissal of the action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

(ECF No. 11.)

Subsequently, on September 13, 2013, plaintiff filed a statement addressing, at least in part, some of the topics outlined in the court's August 16, 2013 order. (ECF No. 12.) In that

1  statement, plaintiff also represented that "the most recent attorney I have spoken to within the last
2  48 hours stated to me personally by our brief phone conversation that he would be willing to
3  accept my personal case but he needs more time only if the court with [sic] grant it. (I have his
4  name and law firm phone # on hand) but once again his law firm is not willing to deal with me
5  unless an extension is fully granted." (Id.)

6        On September 18, 2013, in light of plaintiff's representation that she had an immediate
7  prospect of retaining counsel, the court granted plaintiff a final extension of fourteen (14) days for
8  her retained attorney to enter an appearance in this action. (ECF No. 13.) The order also allowed
9  plaintiff's prospective attorney to request a further reasonable extension of time to allow the
10 attorney to familiarize himself or herself with the case, determine whether and how the complaint
11 should be amended, etc. (Id.)

12       After no counsel ultimately appeared on plaintiff's behalf, and upon further review of
13 plaintiff's September 13, 2013 statement, the court issued an order on October 18, 2013,
14 dismissing plaintiff's original complaint with leave to amend. (ECF No. 14.) For the reasons
15 discussed more fully in that order, the court concluded that plaintiff had not properly named Mr.
16 DeSimoni as a defendant. (Id.) Plaintiff was directed to file either a first amended complaint or a
17 notice of voluntary dismissal of the action without prejudice within 28 days of that order. (Id.)
18 The court specifically cautioned plaintiff that:

19
20
21
22
23
24
> [F]ailure to file either a first amended complaint in accordance with this order, or a notice of voluntary dismissal, by the required deadline will result in a recommendation that the action be dismissed pursuant to Federal Rule of Civil Procedure 41(b). Although the court is sympathetic to the difficulties faced by pro se litigants in litigating their cases in federal court, plaintiff has already had several extensions in this case. Thus, the court would be disinclined to grant further extensions absent extraordinary circumstances (which would not include plaintiff's efforts to obtain counsel).

25 (Id. at 5.) Although the applicable deadline has passed, the court's docket reveals that plaintiff
26 failed to file either a first amended complaint or a notice of dismissal in accordance with the
27 ////
28 ////

3

court's order.[2]  In light of the above, the court now recommends that the action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183.

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona.  Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds).  Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46

---

[2] The court's docket indicates that the October 18, 2013 order was only served on plaintiff by mail on November 20, 2013. Accordingly, the court computed the deadline for compliance with the October 18, 2013 order as 28 days after the November 20, 2013 service date, allowing three (3) additional days for service by mail in accordance with Federal Rule of Civil Procedure 6(d). Additionally, although the court's records do not presently indicate that the October 18, 2013 order was returned as undeliverable, the court notes that at least one prior court order served on plaintiff by mail was previously returned as undeliverable. Nevertheless, it is plaintiff's duty to keep the court informed of her current address, and service of the court's orders at the address on record was effective absent the filing of a notice of change of address. In relevant part, Local Rule 182(f) provides: "Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party. Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective."

F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002) (affirming district court's dismissal of case for failure to prosecute when habeas petitioner failed to timely file a first amended petition); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See, e.g., Ferdik, 963 F.2d at 1260. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan, 291 F.3d at 642-43; Ghazali, 46 F.3d at 53. The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006). Although involuntary dismissal can be a harsh remedy, on balance the five relevant factors weigh in favor of dismissal of this action.

The first two Ferdik factors strongly support dismissal of this action. Plaintiff's failure to file a first amended complaint despite clear warnings of the consequences for failing to do so strongly suggests that plaintiff has abandoned this action or is not interested in seriously prosecuting it. See, e.g., Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"). Any further time spent by the court on this case will consume scarce judicial resources and take away from other active cases. See Ferdik, 963 F.2d at 1261 (recognizing that district courts have inherent power to manage their dockets without being subject to noncompliant litigants).

1    In addition, the third <u>Ferdik</u> factor, which considers prejudice to a defendant, should be
2    given some weight. <u>See</u> <u>Ferdik</u>, 963 F.2d at 1262. In light of the court's conclusion that Mr.
3    DeSimoni was improperly named as a defendant, it is not entirely clear which entity and/or
4    person(s) plaintiff would have named as defendants in an amended complaint. However, at a
5    minimum, such potential defendants have been prevented from attempting to resolve this case on
6    the merits by plaintiff's unreasonable delay in prosecuting this action. Additionally, with the
7    passing of time, witnesses' memories fade, documents are routinely destroyed, and evidence
8    becomes stale. As such, unreasonable delay is presumed to be prejudicial. <u>See, e.g.</u>, <u>In re</u>
9    <u>Phenylpropanolamine (PPA) Prods. Liab. Litig.</u>, 460 F.3d at 1227.

10   The fifth <u>Ferdik</u> factor, which considers the availability of less drastic measures, also
11   supports dismissal of this action. As outline above, the court has already granted plaintiff
12   numerous extensions to comply with its orders. In its final October 18, 2013 order, the court
13   explicitly stated that no further extensions would be granted and cautioned plaintiff that the action
14   would be dismissed pursuant to Federal Rule of Civil Procedure 41(b) if she failed to file a first
15   amended complaint by the required deadline. (ECF No. 14.) Warning a plaintiff that failure to
16   take steps towards resolution of his or her action on the merits will result in dismissal satisfies the
17   requirement that the court consider the alternatives. <u>See, e.g.</u>, <u>Ferdik</u>, 963 F.2d at 1262 ("[O]ur
18   decisions also suggest that a district court's warning to a party that his failure to obey the court's
19   order will result in dismissal can satisfy the 'consideration of alternatives' requirement") (citing
20   <u>Malone</u>, 833 F.2d at 132-33).

21   Moreover, at this juncture, the court finds no suitable alternative to a recommendation for
22   dismissal of this action. Given that plaintiff entirely failed to respond to the court's October 18,
23   2013 order, and has not even attempted to make a good cause showing for her inaction, a further
24   extension of time is unwarranted. Additionally, plaintiff is proceeding in forma pauperis and thus
25   would very likely be unable to pay any monetary sanctions imposed in lieu of dismissal.
26   Furthermore, given the early posture of the case and limited record before the court, it is not
27   presently possible to fashion some type of meaningful issue or evidentiary sanctions.
28   ////

The court also recognizes the importance of giving due weight to the fourth Ferdik factor, which addresses the public policy favoring disposition of cases on the merits. However, for the reasons set forth above, factors one, two, three, and five support a recommendation of dismissal of this action, and factor four does not materially counsel otherwise. Dismissal is proper "where at least four factors support dismissal or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations and quotation marks omitted). Under the circumstances of this case, the other relevant factors outweigh the general public policy favoring disposition of actions on their merits. See Ferdik, 963 F.2d at 1263. If anything, a disposition on the merits has been hindered by plaintiff's own failure to comply with the court's order and prosecute her case.

In sum, the court endeavors to give pro se litigants a fair opportunity to present their case. As such, the court granted plaintiff continuances and extensions, provided plaintiff with cautionary instructions, and afforded plaintiff some leniency with respect to the litigation. However, at some point, leniency must give way to considerations of limited court resources and fairness to other compliant litigants.

Accordingly, for the reasons outlined above, IT IS HEREBY RECOMMENDED that:

1. The action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

2. The Clerk of Court be directed to close this case and vacate all dates.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may

////

////

////

waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

Dated:  January 2, 2014

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE